UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RONALD FISHON,

        *Pro Se* Petitioner,

   -against-

MICHAEL CORCORAN, Supt.,

        Respondent.

-----------------------------------------------------------x

**ORDER TO SHOW CAUSE**
08-cv-2991 (DLI)(LB)

**DORA L. IRIZARRY, U.S. District Judge:**

    Petitioner, proceeding *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, to challenge his 1981 conviction in Kings County.[1] The Court grants his request to proceed *in forma pauperis*, and directs him to submit an affirmation within sixty (60) days of this Order to explain why the petition should not be dismissed as time-barred.

## DISCUSSION

    The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA or Act) signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

---

[1] By order dated July 23, 2008, the United States District Court for the Northern District of New York transferred the petition to this Court. The Northern District received the petition on July 22, 2008.

1

> state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). See Lindh v. Murphy, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act."); Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (a prisoner whose conviction became final prior to the effective date of the AEDPA is afforded one year after the effective date of the Act in which to file a first habeas petition under § 2254).

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may be time-barred under the Act. In general, the one-year statute of limitations period runs from the date on which the state criminal judgment became final. Petitioner alleges he was convicted on April 17, 1981. (Petition at 1, ¶ 2). The Appellate Division, Second Department, affirmed the conviction on November 7, 1983. The New York State Court of Appeals denied petitioner leave to appeal on June 27, 1984. See People v. Fishon, 62 N.Y.2d 983 (1984). A judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Therefore, petitioner's conviction became final on or about September 25, 1984. Because his judgment of conviction became final prior to the AEDPA, petitioner was granted a one-year grace period from the effective date of the Act, until April 24,

1997, within which to file his petition in federal court. Carey v. Saffold, 536 U.S. 214, 217-18 (2002).

The one-year limitation period is tolled while a petitioner's post-conviction motions are pending. 28 U.S.C. § 2244(d)(2). Petitioner states that he filed a motion pursuant to N.Y. Criminal Procedure Law § 440.10 (the "440"), that was denied on January 22, 2007. He does not provide the filing date of the 440. It is most probable that the 440 was not filed before the grace period expired on April 24, 1997. Petitioner is advised that the tolling provision under § 2244(d)(2) applies only if his post-conviction motion was already pending or was filed during the one-year grace period, and tolls only the time the motion remained undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*), cert. denied, 531 U.S. 840 (2000).

The statute of limitations period may also be equitably tolled if Petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id. (citing Johnson, 86 F.3d at 12); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling).

## CONCLUSION

Petitioner filed the instant petition eleven years after the expiration of the one-year grace period. He is directed to show cause, by affirmation within sixty (60) days from the date of this Order, *i.e.,* on or before October 14, 2008, as to why the statute of limitations should not bar the instant petition. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006) (requiring a district court, before acting on its own initiative to dismiss a petition as untimely, to accord the parties fair notice and an

3

opportunity to present their positions). An affirmation form is attached to this Order for petitioner's convenience. No response from the defendant shall be required at this time and all further proceedings shall be stayed for sixty (60) days or until the petitioner has timely complied with this Order.

Should petitioner have a basis to ask the court to toll the statute of limitations, he shall present the facts to the court in his affirmation. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED.

Dated: Brooklyn, New York
    August 14, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RONALD FISHON,

    *Pro Se* Petitioner,

 -against-

MICHAEL CORCORAN, Supt.,

    Respondent.
------------------------------------------------------------x

**PETITIONER'S AFFIRMATION**

08-cv-2991 (DLI)(LB)

STATE OF _____ }
COUNTY OF _____ } SS:

 RONALD FISHON, makes the following affirmation under the penalties of perjury:

 I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year statute of limitations because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

      In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____         _____
                                                                 Signature

                                                                 _____
                                                                 Address

                                                                 _____

                                                                 _____
                                                                City, State & Zip Code